FILED
United States Court of Appeals
Tenth Circuit

April 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Respondent - Appellee,

v.

VIRGIL J. WINSTON,

        Petitioner - Appellant.

No. 09-3255
(D. Ct. Nos. 2:08-CV-02397-JWL and
2:06-CR-20005-JWL-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Virgil J. Winston, through counsel, seeks a certificate of appealability ("COA") to challenge the district court's denial of his petition for habeas corpus which he brought under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253(a), DENY Mr. Winston's request for a COA, and DISMISS his appeal.

**I. BACKGROUND**

In 2005, Kansas City, Kansas police officers were dispatched to Mr. Winston's

home after a minor female alleged that he had attempted to rape her there. When officers arrived, Mr. Winston falsely identified himself as Sundiata Simba, and a subsequent background check revealed no criminal history for an individual with that name. After the officers interviewed the alleged victim and Mr. Winston refused to consent to a search of his home, the officers obtained a search warrant. The object of the search, as stated in the warrant, was evidence of the alleged sexual assault. The warrant did not authorize officers to search for or seize any firearms.

While executing the warrant, officers discovered a number of firearms and a photo-identification card in a dresser drawer. The identification card correctly identified the man officers had previously believed to be Sundiata Simba as Virgil Winston. At that point, officers ran a background check of the name Virgil Winston which revealed that he was a convicted felon. In addition to the firearms found in the dresser drawer, officers also discovered ammunition and another firearm in the house. It is not clear from the record, however, whether those additional firearms were discovered before or after the officers ascertained Mr. Winston's true identity.

Based on the firearms and ammunition discovered in his home, Mr. Winston was charged with and convicted by a jury of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g). After an unsuccessful direct appeal, Mr. Winston, proceeding pro se at the time, filed a § 2255 petition collaterally attacking his conviction. Mr. Winston's § 2255 petition raises numerous arguments, including that his trial counsel was ineffective for failing to seek suppression of the firearms and

ammunition discovered in his home. According to the petition, the officers searched Mr. Winston's home and seized incriminating evidence without a warrant and without exigent circumstances. The district court rejected the bulk of Mr. Winston's petition but appointed counsel for him and held a hearing to determine whether his trial counsel was ineffective in failing to file a motion to suppress. Ultimately, the district court denied Mr. Winston's ineffective assistance of counsel claim and his § 2255 petition as a whole, finding that the search was in fact supported by a valid warrant; thus, Mr. Winston was not prejudiced by his trial counsel's decision not to seek suppression of the firearms and ammunition.

Following the denial of his § 2255 petition, Mr. Winston, through counsel, filed an application for a COA in the district court that contained minimal substantive argument. Indeed, the only substantive contention contained in that application for a COA was the following statement:

> Although Mr. Winston did receive an evidentiary hearing on the failure to file a motion to suppress the fruits of an illegal search, Mr. Winston still asserts that the police entered his home illegally. Mr. Winston believes that his Fourth Amendment rights were violated and appeals the denial of his § 2255.

The district court denied Mr. Winston's application for a COA, concluding that he failed to meet his burden of showing that reasonable jurists could find that the district court's denial of his § 2255 petition was debatable or wrong. Mr. Winston now seeks a COA from this court.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under § 2255 unless he obtains a COA. 28 U.S.C. § 2253(c)(1)(B). A petitioner may obtain a COA from either a district judge or a circuit justice or judge, and when a district judge denies a COA, the petitioner may request a circuit judge to issue it. Fed. R. App. P. 22(b)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In support of his application for a COA in this court, Mr. Winston first challenges the district court's denial of a COA. Specifically, he argues that the district court improperly denied his application for a COA based solely on that application's lack of substantive argument. We do not consider this argument here, however, because it is irrelevant to the only question before us—whether the district court's resolution of the constitutional claims in Mr. Winston's § 2255 petition is debatable or wrong.

Next, Mr. Winston argues that the district court did not construe his pro se § 2255 petition liberally and therefore did not consider a meritorious "plain-view doctrine" argument that was implicit in the petition. Specifically, Mr. Winston contends that his § 2255 petition should have been construed to assert that his counsel was ineffective in failing to seek suppression of the firearms and ammunition on the basis that their incriminating character was not immediately apparent to the officers due to the officers' mistaken belief that Mr. Winston (who the officers at the time believed was Sundiata

Simba) did not have a prior criminal record.

It is well-settled that we construe pro se pleadings liberally such that when "the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is also well-settled, however, that "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* After carefully reviewing Mr. Winston's § 2255 petition, we conclude that it cannot be reasonably read to include a claim based on the plain-view doctrine.

First, the only Fourth Amendment contention expressly raised in the petition is that the officers' discovery of the firearms in Mr. Winston's home was the product of a warrantless search that could not be justified by the existence of exigent circumstances. Second, the vast majority of the facts Mr. Winston recites in his petition are relevant only to that particular Fourth Amendment claim. Finally, the petition does not include facts that would support a plain-view argument. Indeed, the petition only briefly mentions the officers' mistaken belief that Mr. Winston was Sundiata Simba, and does so only to refute any possible argument that exigent circumstances existed based on the officers' knowledge that the accused man they were pursuing was predisposed to violence. The petition also does not mention when the officers discovered that Mr. Winston was not in fact Sundiata Simba, when the officers discovered that Mr. Winston was a felon, or when

the officers discovered the firearms in Mr. Winston's home. Each of these facts would be necessary to reasonably construe Mr. Winston's § 2255 petition as raising a claim based on the plain-view doctrine. Accordingly, we conclude that Mr. Winston has failed to demonstrate that reasonable jurists could debate whether the district court correctly denied his § 2255 petition, which was limited to the issue of whether the search and seizure were warrantless and unsupported by exigent circumstances.

### III. CONCLUSION

For the foregoing reasons, we DENY Mr. Winston's application for a COA and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge